## THE PEOPLE *vs.* REUBEN BANKER.

On the trial of an indictment, the counsel for the prosecution has the right to introduce in evidence the examination of the prisoner taken before the committing magistrate, although it appears by such examination that no confessions were made by the prisoner, and that he refused to answer or to give any account of the transaction in question.

The prisoner was indicted for passing counterfeit money. He had passed several bills and had others in his possession. He was a transient person and pretended to be traveling.   There were many facts to induce a belief that he knew the bills to be counterfeit, and that he was a retailer of counterfeit bills.

The counsel for the people offered his examination, taken before the magistrate, in evidence.

The counsel for the prisoner objected to the evidence, on the ground that no confessions or admissions whatever were made before the justice, and that the bare refusal of the prisoner to answer could not be evidence against him.

WALWORTH, *Circuit Judge.*—The proceedings before the magistrate are always legal evidence of what actually took place on such examination.   The examination is taken as well for the purpose of enabling the accused to explain the unfavorable circumstances which appear against him as to obtain a knowledge of those facts which may tend to convict him of guilt.   It is true that the person arrested and brought before a magistrate for examination is not bound to make any answer whatever, either to show his guilt or innocence of the charge alleged against him.   But if he does refuse to give any account of himself, or of the transaction, the court and jury on his trial have a right to know that fact, in a case like the present, where the offence must in all cases depend either upon the admission of the party or upon circumstantial evidence.   Such a refusal alone can not be sufficient to convict any person of a crime.

. but if there are strong circumstances against a prisoner, and he has refused to improve this opportunity, which the law gives him, to explain those circumstances, he can not complain if the jury presume they could not be explained consistently with his innocence.

---

FRANKLIN OYER AND TERMINER, August 22, 1823. Before *Walworth,* Circuit Judge, and the County Judges.